**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SAMUEL WILLIAM MILLER and
TATIANA MILLER,

    Plaintiffs,

vs.

    Case No. 3:16-cv-398-J-34JRK

STEVEN H. OSBER, in his individual
Capacity, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On April 4, 2016, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief, Wrongful Death, and Conspiracy Under Color of State Law (Doc. 1; Complaint). Although the document filed is a Complaint, not a Notice of Removal, Plaintiffs also purport to remove two actions pending in state court, specifically Protech Group Asia Ltd, vs. Samuel Miller, et al., Case No. 2011-CA-1457 (Fla. 4th Cir. Ct. filed Oct. 21, 2011) and Florida v. Samuel William Miller, Case No. 2016-MM-133 (Fla. 4th Cir. Ct. filed Jan. 19, 2016)[1] (the State Actions). See Complaint at 30. In support of removal, Plaintiffs assert that they are invoking the Court's jurisdiction under 28 U.S.C. § 1369, and removing the State Actions as "ancillary" to this matter under 28 U.S.C. § 1441. Id. However, for the reasons set forth below, Plaintiffs' attempted removal is both procedurally and substantively improper.

---

[1] The Complaint cites to case number 2016-MM-33 as a misdemeanor charge against Samuel W. Miller. See Complaint at 4. However, upon review of the state court records, case number 2016-MM-33 appears to be unrelated, and instead, the relevant misdemeanor case is found at case number 2016-MM-133.

Under 28 U.S.C. § 1441(a), a defendant may seek removal of a suit originally brought in state court when the federal court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). Additionally, 28 U.S.C. § 1446 describes the appropriate removal procedure to invoke federal jurisdiction, and requires a defendant seeking removal to file a timely notice of removal stating the grounds for removal, along with a copy of all process, pleadings, and orders served upon the defendant in the state court action. See 28 U.S.C. § 1446(a). Here, Plaintiff Samuel Miller, a defendant in both of the State Actions, and Plaintiff Tatiana Miller, a defendant in the civil State Action, did not file a notice of removal setting forth the grounds for removal, nor the state court records. Aside from these procedural errors, Plaintiffs also offer no basis for the Court's independent jurisdiction over those actions. Indeed, Plaintiff Samuel Miller previously attempted to remove the civil State Action to this Court in 2012, and the matter was subsequently remanded for lack of subject matter jurisdiction. See Protech Grp. Asia, Ltd. v. Miller, Case No. 3:12-cv-641-J-25TEM, ECF No. 18 (M.D. Fla. July 24, 2012) (order granting motion to remand). Moreover, as neither Plaintiffs' federal case, nor the State Actions, involve a single accident resulting in the death of at least seventy-five people, Plaintiffs' reliance on 28 U.S.C. § 1369, and presumably 28 U.S.C. § 1441(e), is inapposite. See Turner v. E-Z Rent A Car, Inc., No. 8:07-CV-1567-T-30TBM, 2007 WL 3046672, at *2 (M.D. Fla. Oct. 17, 2007). Accordingly, the portion of the Complaint purporting to remove the State Actions to this Court is due to be stricken.

In addition, to the extent this matter is properly before the Court on a Complaint, the Court has reviewed the Complaint and finds that it is due to be stricken for failure to comply with Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)). While pro se complaints

are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[2] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should

---

[2] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

3

order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Here, the Complaint, which is thirty-two pages long, contains 75 numbered paragraphs, and purportedly incorporates by reference the allegations of complaints filed in two other lawsuits, see Complaint at 23, does not constitute a "short and plain statement" of Plaintiffs' claims. Indeed, the Complaint is replete with extraneous and irrelevant information, rendering it at times incomprehensible. In addition, because Plaintiffs filed the Complaint with the intent to remove the State Actions, Plaintiffs' Complaint includes a substantial discussion of those matters as well as requests for the Court to issue orders in those cases. Id. at 31. Because the Court finds that Plaintiffs' attempted removal is ineffectual, it appears that those requests for relief should be removed and some portions of the Complaint's lengthy allegations may be unnecessary. Accordingly, the Court will strike the Complaint for failure to comply with Rules 8(a)(2) and 10(b), and direct Plaintiffs to file an amended complaint. See Holbrook, 405 F. App'x at 460-61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Pursuant to Rules 8(a)(2) and 10(b), the amended complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Plaintiffs' claims demonstrating that Plaintiffs are entitled to relief. See Rules 8(a)(2), 10(b). Specifically, Plaintiffs should describe in sufficient detail the factual basis for each of their claims and how each Defendant is responsible.[3] Accordingly, it is

---

[3] To the extent Plaintiffs' claims appear to be premised on the actions of the judges presiding over the civil State Action, in preparing any amended pleading, Plaintiffs should consider whether the well-established principal of judicial immunity from civil liability bars these claims. See Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986); see also Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Wahl v. McIver, 773 F.2d 1169,

**ORDERED**:

1. Plaintiffs' Complaint for Declaratory and Injunctive Relief, Wrongful Death, and Conspiracy Under Color of State Law (Doc. 1) is **STRICKEN**.

2. Plaintiffs may file an amended complaint consistent with the directives of this Order on or before **April 28, 2016**.  Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15(a)(3) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, this 8th day of April, 2016.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

1172 (11th Cir. 1985).  Specifically, "'[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.'"  William B. Cashion Nevada Spendthrift Trust v. Vance, 552 F. App'x 884, 885-66 (11th Cir. 2014) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)).

In addition, the Court notes that Plaintiffs assert a claim premised on 18 U.S.C. § 241.  See Complaint at 28.  However, "[t]his statute provides for criminal penalties but does not authorize civil suits or give rise to civil liability."  See Durso v. Summer Brook Preserve Homeowners Ass'n, 641 F. Supp. 2d 1256, 1267 (M.D. Fla. 2008) (internal quotation omitted) (collecting cases).  Therefore, Plaintiffs, as civil litigants, cannot bring a cause of action based on this statute.  Id.  Likewise, to the extent Plaintiffs seek to initiate criminal investigations and prosecutions against any defendant, see Complaint at 32, Plaintiffs are advised that "[t]he law is well-settled that a private citizen 'has no judicially cognizable interest' in the criminal investigation or prosecution of another."  See Whigum v. Florida, No. 3:10cv442/MCR/MD, 2010 WL 4683937, at *2 (N.D. Fla. Nov. 3, 2010) (quoting Otero v. United States Att'n'y Gen., 832 F.2d 141, 141 (11th Cir. 1987)).

5